**James H. MAGLEBY, Plaintiff and Appellant,**

v.

**STATE of Utah, By and Through its DEPARTMENT OF BUSINESS REGULATIONS AND DEPARTMENT OF REGISTRATION and Floy A. McGinn, Defendants and Respondents.**

No. 14681.

Supreme Court of Utah.

April 7, 1977.

Vernon B. Romney, Atty. Gen., James L. Barker, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Kenneth M. Hisatake, Salt Lake City, for defendants and respondents.

ELLETT, Chief Justice:

The appellant as plaintiff below filed a complaint seeking to have the Court declare unconstitutional a regulation promulgated by the defendants. Both parties moved for a summary judgment on the matter, and the trial court granted the motion of the defendants holding that the regulations in question are a reasonable restraint and regulation of a recognized profession.

The appellant is a licensed marriage and family counselor in Utah and as such he is subject to the provisions of the Marriage and Counselors Act as set out in Chapter 124, Laws of Utah, 1973, Title 58, Chapter 39, Utah Code Annotated, 1953, Replacement Volume 6A. A committee of five persons from the counseling field who have had at least seven years of experience in the profession is provided for in Section 7 of the above cited statute. Subsection (5) thereof provides for the Committee to promulgate standards for counselors and "adopt other rules and regulations as may be necessary to carry out the provisions of this act."

One of the rules adopted by the Committee gives rise to this appeal. It is as follows:

3910. Improper Advertising. For the purposes of Section 58–39–3(2), Utah Code Annotated, 1953, as amended, improper advertising in connection with the practice of marriage, family and child counseling shall include, among other things, the following:

\*    \*    \*    \*    \*    \*

(2) Making any statement in advertising which would or may tend to mislead the public as to the individual's competence, education, qualifications or experience.

(3) Making of other false or misleading claims in advertising.

(4) Advertising contrary to the code of ethics of the American Association of Marriage and Family Counselors. (See attached Appendix).

The Code of Ethics of the American Association of Marriage and Family Counselors provided:

1. TELEPHONE DIRECTORY LISTINGS

Yellow Pages. All listings should be governed by the principles of dignity, modesty and uniformity.

A. Special type (boldface, etc.) and lined boxes or any other technique tending to make one individual or firm's listing stand out from other listings in the directory is a breach of professional ethics.

B. A proper listing will include no more than the following:

(1) Name
(2) Highest earned relevant degree (one only)
(3) State licensure (including license No.)
(4) AAMFC clinical membership (Diplomate status if attained)
(5) Address
(6) Telephone number
(7) Designated specialty

C. Office hours (or the statement "By Appointment Only") may be listed if permitted by the local telephone company.

D. Any title including words such as "Institute," "Center," "Clinic," "Service" is acceptable only if a group practice includes at least three professionals. Other AAMFC members of such a group may choose to be listed under the identifying group practice name as well as separately in the proper alphabetical location.

The plaintiff herein caused to be run in the yellow pages of the telephone directory the following advertisement:

Two problems arise in connection with this advertisement. First, it clearly violates 1.A. of the Code of Ethics of the American Association of Marriage and Family Counselors in that it is set out in a lined box that clearly makes the name of plaintiff stand out from the others. Second, the plaintiff used the word "Center," although he was a lone counselor in his place of business in violation of 1.D. of the Code of Ethics of the American Association of Marriage and Family Counselors.

He defends against the latter charge by claiming that his place of business is a center for other counselors to conduct professional training seminars to exchange ideas and information within the professional group.

The trouble with his assertion is that the advertisement was not directed to those in his profession who might wish to have a seminar but rather was directed to the public at large.

The trial court's opinion was stated as follows:

The rules and regulations with regard to the advertising by a marriage and family counselor which plaintiff complains of are a reasonable exercise of defendants' authority resting on a rational basis to protect the public from advertising which is or tends to be misleading, and plaintiff's claim of denial of free speech and of property without due process of law is without merit.

We agree with the ruling made by the trial court and therefore affirm the judgment. No costs are awarded.

CROCKETT and HALL, JJ., concur.

CROFT, District Judge (dissenting):

The majority decision of this court in this case is based upon the premise that the Code of Ethics of the American Association of Marriage and Family Counselors, as set forth in the appendix to the Rules and Regulations adopted by the Committee of Marriage and Family Counselors, is a valid part of the said Rules and Regulations and thus lawfully controls the conduct of marriage and family counselors licensed to practice in the State of Utah relative to advertising. But the validity of this premise must in turn depend upon a determination of the constitutionality of Section 3910(4) of those rules and regulations which section reads as follows:

3910. For the purposes of Section 58–39–3(2), Utah Code Annotated, 1953, as amended, improper advertising in connection with the practice of marriage, family and child counseling shall include, among other things, the following:

\* \* \* \* \* \*

(4) Advertising contrary to the code of ethics of the American Association of Marriage and Family Counselors. (See attached Appendix). [Hereafter AAMFC]

The "attached appendix" sets forth that association's advertising standard which defines what is permissible with regards to telephone directory listing for members of that association. It is by this reference that the majority decision finds appellant's method of advertising in the yellow pages of the telephone directory as being contrary to the law. If this form of establishing a rule and regulation by a state administrative agency meets constitutional standards, then I would concur with the majority decision, at least insofar as that decision finds appellant's advertising as a "center" is misleading and contrary to law.

But the difficulty I have in accepting subsection (4) of 3910 as being constitutionally valid is that it, by its very wording, permits the AAMFC to determine what is or is not permissible advertising by counselors under the law of the State of Utah. In 73 C.J.S. Public Administrative Bodies and Procedure, § 100, p. 418, it is stated that:

A rule or regulation of a public administrative body or officer should be definite and certain and should lay down adequate legislative standards, and should not violate constitutional provisions relative to form.

In 1 Am.Jur.2d 938, Sec. 128, the following is stated:

Where the statutory scheme does not confine the participation of private groups to merely being heard in the matter of enactment of administrative rules and regulations, but empowers them to initiate or approve administrative legislation, *or even to determine its substance,* a serious question arises as to whether such statute is not invalid as an improper delegation of legislative power.[1] [Emphasis added.]

In *Revne v. Trade Commission,* 113 Utah 155, 192 P.2d 563, 3 A.L.R.2d 169, the Supreme Court of Utah had before it a question as to the constitutionality of a statute fixing procedures for the establishment of working hours and prices to be followed by barbers. While I recognize that the legislation there in question went beyond what is here involved with respect to what role a private group may have in establishing rules and regulations, I note the following comment by this court in that case:

. . . If, then, the question as to whether or not a given locality shall have such law promulgated or, modified, or rescinded if already in existence, is left to the whim of this group, it is hard to escape the conclusion that legislative authority has been improperly delegated or surrendered to that class.

It is my opinion that subsection (4) of 3910, quoted supra, in effect does just that. As worded, it allows the AAMFC, a private association, to fix advertising standards for marriage or family counselors who are licensed to practice as such counselors under

---

1. To the same effect is an annotation in 3 A.L.R.2d 188 at page 190.

this state's "Marriage and Family Counselor Licensing Act",[2] but who are not, and need not be, members of the AAMFC. That association may alter its code of ethics with respect to advertising without the knowledge of or notice to this state's committee of marriage and family counselors created by Section 58–39–8 of the Act. If it does so, does it not then change the rules and regulations and thus the law, as to the manner of advertising that must then be followed by such counselors licensed in this state?

The purpose of the Act[3] is to establish the manner in which the practices of marriage and family counseling shall be regulated and controlled in order to protect the public from the improper, unprofessional, or unqualified practices or conduct of persons purporting to act as marriage or family counseling. The Act provides for the licensing of such persons;[4] sets forth the requirements for licensing;[5] exempts certain persons who do such counseling;[6] and authorizes the issuance of licenses to certain professional persons falling in stated categories who do not otherwise meet the requirements of Sec. 58–39–6(1).[7] In none of these statutes is membership in the AAMFC a requirement for licensing. The only mention of that association in the Act is one which requires that three of the five initial members of the committee of marriage and family counselors created by the Act be members of that association, but once initially appointed, thereafter any licensed counselor may be appointed to that committee.[8] This may well account for the language chosen by the committee in Section 3910(4) of its rules and regulations.

It is important to note that the only restriction in the legislative Act with respect to advertising is that no person shall advertise the performance of marriage or family counseling without first having secured a license under the Act.[9] Any advertising in violation of the Act is a misdemeanor.[10] The definition of the term "advertise" as used in the Act fixes no standards of advertising.[11] It is the advertising without a license that is prohibited, not the advertising in a particular manner.

While I have no doubt that the committee under its statutory grant of rule making power[12] has the authority to establish, as it did, rules and regulations with respect to advertising. I deem the language of 3910(4) to constitute an unconstitutional delegation of rule making powers to the AAMFC. The words of reference "See attached Appendix" parenthetically added to 3910(4) does not, in my opinion, by such reference constitute an adoption by the rule making committee of the standards set forth in that appendix as being the rules and regulations of the committee. The committee could have, with or without reference to the code of ethics of the AAMFC, set forth as its own rules and regulations the provisions relating to telephone directory listings as contained in that appendix. But this the committee did not do. Rather, it adopted as improper advertising any "advertising contrary to the code of ethics" of the AAMFC, thereby leaving it to a private group to determine the substance of this state's rules and regulations to be followed by licensees in this particular profession.

I note also that Sec. 3909(5) of the rules and regulations provides that "a counsel shall advertise only in a professional manner and with proper decorum." This rule hardly meets the requirement that rules of administrative bodies should be definite and

2. Sec. 58–39–1, U.C.A.1953 as amended.

3. Sec. 58–39–2.

4. Sec. 58–39–4.

5. Sec. 58–39–6.

6. Sec. 58–39–5.

7. Sec. 58–39–6(2).

8. Sec. 58–39–7(2), (3).

9. Sec. 58–39–4.

10. Sec. 58–39–11.

11. Sec. 58–39–3(2).

12. Sec. 58–39–7(5).

certain,[13] and thus renders it all the more necessary to look to Sec. 3910 for guidelines as to what the standards for advertising are that must be followed.

In 2 Am.Jur.2d 1301, Sec. 301, it is stated that an administrative agency may not enlarge the causes for which a license may be revoked or suspended. By Sec. 3910(4) the administrative agency allows the AAMFC to do so.

I therefore respectfully dissent, doing so in the belief that Sec. 3910(4) of the rules and regulations is unconstitutional in its form for the reasons stated.

WILKINS, J., concurs in the dissenting opinion of CROFT, District Judge.

MAUGHAN, J., does not participate herein.

---

**13.** 73 C.J.S. Public Administrative Bodies and Procedure § 100, p. 418, as quoted supra in this opinion.